IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMISON WHITAKER, | § | |
| TDCJ No. 02545881, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1064-K-BN |
| | § | |
| RYAN MILLS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jamison Whitaker, while incarcerated at the Ellis County jail, filed a *pro se* complaint against a Midlothian police officer, in which Whitaker sought monetary compensation and dismissal of his criminal case and alleged that the officer illegally searched Whitaker's vehicle and uncovered a weapon, allegations that appeared to be related to a pending criminal case. *See* Dkt. No. 3. And United States District Judge Ed Kinkeade referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Whitaker leave to proceed *in forma pauperis* under the PLRA. *See* Dkt. No. 5. But, after reviewing Whitaker's allegations, the Court determined that the civil action should be stayed and administratively closed under *Younger v. Harris*, 401 U.S. 37 (1971) to avoid interference with ongoing state criminal proceedings. *See* Dkt. No. 6.

After his conviction became final, Whitaker filed a motion to reopen, which the

Court granted. *See* Dkt. Nos. 7, 8. And the Court also ordered Whitaker to respond to a questionnaire about his conviction. *See* Dkt. No. 8 at 2, 4-6. Whitaker has now responded. *See* Dkt. No. 9.

And, after screening his claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Applicable Background

Whitaker was arrested on outstanding traffic warrants after his coworker reported him for threatening to shoot up his workplace. *See Whitaker v. State*, No. 10-24-00357-CR, 2025 WL 2254000, at *1 (Tex. App.—Waco Aug. 7, 2025, no pet.). Whitaker was later indicted for and convicted by a jury of the offense of terroristic threat. *See id.* The sole issue in his direct appeal was the denial of his motion to suppress a rifle that one of Whitaker's supervisors had removed from Whitaker's vehicle after his arrest and "placed … in his office for safekeeping." *Id.* The rifle was later given to the police. *Id.*

Whitaker argued that his supervisor "committed burglary of a vehicle when he took the rifle," making it inadmissible. *Id.* The state appeals court determined the trial court did not err in denying the motion to suppress and affirmed the conviction. *See id.* at *2-3.

Although the allegations in Whitaker's complaint are not identical to those set out in the state appellate decision, it appears that he alleges here that Officer Mills

was involved in the alleged burglary of his car using the car keys that were taken from Whitaker during his booking. *See* Dkt. No. 3 at 4. Whitaker also alleges that the weapon was a prop and not operable or capable of being fired. *See id.*

**Discussion**

"A complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)). That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not

cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

Whitaker's claims against Officer Mills under 42 U.S.C. § 1983 challenge the gun evidence in his terroristic threat conviction. *See* Dkt. No. 3 at 4, 5. And Whitaker admits that the conviction has not been reversed on appeal. *See* Dkt. No. 9 at 3.

While *Heck* generally applies to claims for damages, to the extent that Whitaker seeks relief other than damages, *see* Dkt. No. 3 at 4 (requesting $1 million in damages and that his case be dismissed), *Heck* applies equally where a suit seeks only injunctive relief, *see, e.g.*, *O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*,

512 U.S. at 484).

Because Whitaker fails to show that the criminal conviction that underlies his civil claims has been reversed, invalidated, or otherwise set aside, the claims in this lawsuit – calling that conviction into question – are currently subject to the rule in *Heck* and thus not cognizable.

And the Court should dismiss Whitaker's Section 1983 claims without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

Whitaker also mentions in a conclusory manner state law claims for theft and burglary. And, if the Court dismisses the Section 1983 claims, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas*

*Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state-law claims to allow Whitaker to pursue those claims in a state forum.

**Recommendation**

The Court should dismiss Plaintiff Jamison Whitaker's claims under 42 U.S.C. § 1983 without prejudice subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) and decline to exercise supplemental jurisdiction over any state-law claims asserted in the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE